**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | 5:20-CV-_____ |
| | § | |
| FORTY-SEVEN THOUSAND FOUR | § | |
| HUNDRED FIFTY DOLLARS | § | |
| AND NO/100THS ($47,450.00) | § | |
| UNITED STATES CURRENCY | § | |
| Defendant | § | |

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

The United States of America, Plaintiff, by and through its United States Attorney for the

Southern District of Texas and the undersigned Assistant United States Attorney files this action

for forfeiture against FORTY-SEVEN THOUSAND FOUR HUNDRED FIFTY DOLLARS AND

NO/100 ($47,450.00) UNITED STATES CURRENCY, hereinafter "Defendant Currency". The

United States alleges on information and belief:

## JURISDICTION AND VENUE

1.      Jurisdiction is conferred upon this Court by virtue of Title 28, United States Code §§ 1345 and

1355. The Defendant Currency is within the jurisdiction of the Court having been seized by the

Department of Homeland Security, on June 3, 2019 at the checkpoint located at the 29-mile marker

of Interstate Highway 35, north of Laredo, Texas.

2.      Venue is proper in this Court pursuant to Title 28, United States Code, §§ 1391(b) and

1395(a) and (b).

**STATUTORY BASIS FOR FORFEITURE**

3.      This is a civil action *in rem* brought to enforce the provisions of Title 8, U.S.C. § 1324 (b) which provides for the seizure and forfeiture of "gross proceeds" or any property traceable to said proceeds of a violation of subsection (a) which includes the unlawful transportation or attempted transportation of an undocumented alien in the United States. The United States alleges that the Defendant Currency is the gross proceeds of the transportation of undocumented aliens within the United States and is, therefore, subject to forfeiture.

**FACTUAL BASIS FOR FORFEITURE**

4.      In support of the assertions in paragraph 3 above, Plaintiff would show the Court that on June 3, 2019, Ernest Michael Carter (Carter), drove a tractor-trailer to the IH-35 Border Patrol checkpoint located at the 29-mile marker north of Laredo, Texas, in Webb County.

5.      During primary the primary immigration inspection, Border Patrol Agent Sergio Diaz detected an odor of marijuana coming from the cab. During the immigration inspection, a Border Patrol K-9 alerted to the presence of narcotics or hidden persons in the cab or trailer and Carter was instructed to drive the tractor-trailer to the secondary inspection area.

6.      During a secondary inspection of the tractor and trailer, Border Patrol Agents opened a small latch door located in the rear trailer and were able to see people inside. Thirty-six (36) undocumented aliens from Mexico, Guatemala, Honduras and El Salvador were escorted from the trailer that contained no legitimate cargo. Agents continued to search the tractor and discovered five grams of personal use marijuana along with a backpack containing the Defendant Currency, and receipts for recent cash purchases of a vehicle and several money orders. The defendant currency was in an envelope and held together by rubber bands.

7.      A six-count Superseding Indictment was filed against Ernest Michael Carter (Carter) on July 16, 2019, and charged him with conspiracy to transport an alien who had come to, entered,

and remained in the United States in violation of law and five counts of transporting and attempting to transport an undocumented alien for financial gain in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and (v)(I)(II).

8.      On October 4, 2019, Carter pleaded guilty to count one the Superseding Indictment pursuant to a written plea agreement. Contemporaneous with the entry of his guilty plea, Carter agreed in writing to a Factual Statement in Support of Plea Agreement. Therein, he admitted to knowingly conspiring to transport an undocumented alien within the United States. He further agreed that five of the thirty-six undocumented aliens found in the trailer and detained as Government witnesses stated that they each paid various sums of money to be smuggled into the United States and on to their final destinations. Carter admitted that the defendant currency was found in his backpack. In his written plea agreement, Carter waived any interest he had in any asset which was the subject of a related administrative or judicial forfeiture proceeding. Accordingly, the Defendant Currency is the subject of a related forfeiture proceeding in which Carter has waived any interest.

By reason of the foregoing recitations, the Defendant Currency is proceeds of an alien smuggling event and, therefore, subject to forfeiture to Plaintiff, the United States.

## NOTICE TO ANY POTENTIAL CLAIMANT

YOU ARE HEREBY NOTIFIED if you assert an interest in the property subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.   The verified claim must be filed no later than thirty-five (35) days from the date this complaint is sent, in accordance with Rule G(5).

An answer or motion under Fed.R.Civ.P. 12 must be filed no later than twenty-one (21) days after filing the claim. The claim and answer must be filed with the United States District

Clerk for the Southern District of Texas, and a copy must be served upon the undersigned Assistant United States Attorney at the address provided in this complaint below.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for the following:

1.      That notice of forfeiture issue according to the normal procedure of the Court citing all persons having an interest in the Defendant Currency to appear on the return day of said process and make such Claim and Answer as they may have;

2.      That a Judgment of Forfeiture be decreed against the Defendant Currency;

3.      That, following a Judgment of Forfeiture, the Defendant Currency be disposed of according to law; and

4.      For costs of this action, including costs of seizure and for such additional relief to which Plaintiff may be entitled.

<div style="margin-left: 40%;">

Respectfully submitted,

RYAN K. PATRICK
UNITED STATES ATTORNEY

BY:      */s/ Mary Ellen Smyth*
Mary Ellen Smyth, Assistant U.S. Attorney
Tex. Bar. No. 18779100
Southern District Adm. 31348
U. S. Attorney's Office
11204 McPherson Road, Suite 100A
Laredo, Texas 78045
Tel. (956)723-6523
Email: mary.ellen.smyth@usdoj.gov

</div>

I, Edmond Palomarez, Special Agent with the Homeland Security Investigations in Laredo, Texas, declare under penalty of perjury that I am one of the agents responsible for the investigation concerning this litigation. I have read the above Complaint for Forfeiture *in rem*. Based upon the investigation conducted by myself and other agents of the Homeland Security Investigations and U.S. Border Patrol of which I have knowledge, the facts contained in the Complaint for Forfeiture, paragraphs four through eight, are true and correct to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this the 13th day of August, 2020.


_____
Edmond Palomarez, Special Agent
Homeland Security Investigations


State of Texas     §
County of Webb   §

18th     SUBSCRIBED and SWORN to before me the undersigned Notary Public on this the
____ day of August, 2020.


_____
Notary Public for the State of Texas

Alicia M Laurel
My Commission Expires
12/14/2021
ID No. 11790957